Filed 8/30/23  P. v. Creamer CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRUCE WARREN CREAMER,<br><br>Defendant and Appellant. | F085329<br><br>(Super. Ct. No. PCF420244)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Thomas R. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment and sentence (Cal. Rules of Court, rule 8.204(a)(2)(B)) and is appealable pursuant to Penal Code section 1237, subdivision (a).[1]

## STATEMENT OF THE CASE

On April 1, 2022,[2] the Tulare County District Attorney filed a one-count information alleging that on November 9, 2021, appellant Bruce Warren Creamer violated the provisions of section 18740,[3] a felony. The information further alleged that pursuant to section 18780, sentence cannot be suspended or probation granted, and that the aggravated sentence might be sought.

On May 24, the court ruled on motions in limine and empaneled a jury.

On May 25, the court heard and denied Creamer's *Marsden*[4] motion. After opening statements, the People called and examined five witnesses. The People then rested. Defense counsel called and examined Creamer. During a recess in Creamer's testimony, defense counsel moved for a mistrial. After argument, the court denied the motion. Creamer resumed his testimony and the defense rested.

On May 26, trial resumed. The court read the jury instructions and counsel presented their closing arguments before the jurors began deliberating. The jurors requested a transcript of part of Creamer's testimony, and the trial court had the court reporter read the relevant testimony to the jury. The jury returned with a verdict of guilty

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] All references to dates are to dates in 2022 unless otherwise stated.

[3] Section 18740 provides as follows: "Every person who possesses, explodes, ignites, or attempts to explode or ignite any destructive device or any explosive with intent to injure, intimidate, or terrify any person, or with intent to wrongfully injure or destroy any property, is guilty of a felony, and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for a period of three, five, or seven years."

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

on the sole count of the information. The case was set for a sentencing hearing, and the probation department was directed to prepare a report and recommendations for the court.

On June 29, Creamer appeared in court and requested he be allowed to represent himself for the balance of the case. He offered a waiver to represent himself; the trial court accepted his waiver and relieved the Public Defender as his counsel.

On October 27, Creamer appeared in court. The trial court revoked his pro per status and reappointed the Public Defender to represent him. The matter was continued to November 17 for sentencing.

On November 17, Creamer was sentenced. The trial court denied him probation and committed him to the state prison for the low term of three years, with credit for 374 actual days and 374 conduct credits for a total of 748 days credit. He was ordered to pay fines and fees. He was advised of his appeal rights and parole conditions. He was further advised that in the future he was required to register as an arson offender pursuant to section 457.1, subdivision (b).

On November 23, Creamer, through his attorney, filed a timely notice of appeal.

On May 23, 2023, at the People's request, the trial court held a resentencing hearing for Creamer, pursuant to section 1172.1. At that hearing, the court resentenced Creamer to the low term on count 1, three years confinement in the Tulare County jail pursuant to section 1170, subdivision (h). The trial court found Creamer had served his entire sentence, and therefore did not impose a term of mandatory supervision, pursuant to section 1170, subdivision (h)(5). The trial court also struck the previous order that Creamer register as an arson offender. The trial court ordered an amended abstract of judgment be filed and served.

## STATEMENT OF FACTS

People's Case

During the trial, the People called Tulare Police Officer Edward Puentes as their first witness. Officer Puentes testified that on November 9, 2021, at approximately

3.

6:00 p.m., he was in the police station and heard a dispatcher stating that a vehicle in the parking lot behind the station was on fire. He investigated and found a pickup truck on fire and what appeared to be a glass beer bottle shattered with pieces on the hood of the vehicle and on the ground. Officer Puente was shown People's exhibit 2, a photograph which he identified as a picture of a piece of glass on the hood. He stated that the damage was some melted plastic between the windshield and the hood. He then went to a Tulare construction supply store (the "store") where a manager gave him a receipt showing a purchase of kerosene.

Next, the People called Sergeant Rosaura Moreno. She testified that on the date of the incident, she heard a dispatcher broadcast that a vehicle in the parking lot was on fire. She later interviewed Creamer. She identified People's exhibit 7 as a CD containing a video from her body worn camera of her conversation with Creamer, during which he told her he bought kerosene at the store and poured it into a bottle. The bottle did not break when he tossed it, so he poured the kerosene on the hood.

B.A. testified he is the store manager. On November 9, 2021, he provided Officer Puentes with a receipt, identified as a copy of the receipt which was for 2.5 gallons of kerosene sold that day.

Tulare Fire Department Division Chief David Rossman, a lead fire investigator, testified he was called out to the Tulare Police Department on a fire call to investigate the fire on a vehicle parked in the parking lot. He stated he used a hydrocarbon detector to determine the presence of a combustible liquid and found a positive reading on the rag found at the scene. He stated be believed the liquid to be either diesel or kerosene. His opinion was that the arson was committed using a "Molotov cocktail."

Lindsay Police Officer Manuel Vejar testified that on November 9, 2021, he had been an officer for the Tulare Police Department. He was in a briefing that evening when the dispatcher alerted the officers that a police vehicle was on fire in the parking lot. He went to the fire, and after the fire was out, the dispatcher notified him that the individual

4.

who lit the fire was in front of the police department. He went to meet that individual, Creamer. Officer Vejar stated that Creamer had a sign with him that he was using reasonable force to make citizen arrests of Tulare city public servants pursuant to section 837. Officer Vejar took Creamer into custody and interviewed him after eliciting a waiver of his *Miranda*[5] rights. During the interview, Creamer provided details of the offense and his reasons for committing the offense. A video of the interview was shown to the jury.

Defense Case

The defense called Creamer as its sole witness. Creamer gave his history and then testified to the events that precipitated the incident. He owned property in Tulare and had several vehicles on the property. Eight years before this incident, a city code enforcement officer attempted to issue citations to him for the condition of the vehicles on his property; Creamer refused to sign the citations, and they were eventually mailed to him. After four months had passed, city government officials removed his vehicles and demanded that there be an enclosure for the vehicles before they could be returned. He attempted to talk to the city manager but was not allowed to do so. He stated that shortly before he received the citations, he had been visited by a police officer who wanted to buy one of his vehicles but he refused to sell. He stated that the officer hounded him to sell it until he told the officer to get off his property, Shortly after that, he received the citations.

Creamer testified that on November 9, 2021, he went to the store and purchased kerosene. His purpose was to do something to get the city to wake up and give him back his property. After that he found two empty beer bottles. He prepared the bottles of kerosene, and then walked to the city council office to attend a weekly council meeting but found the building locked. He eventually walked to the police department parking lot

---

[5] *Miranda v. Arizona* (1966) 384 U.S. 436.

and poured kerosene on the hood of a pickup truck and lit it with the rag. He then walked around to the police station entrance and used the phone there to inform the police that a truck was on fire. When they said they were on it, he told them he had lit the fire. He testified that his intent when he set the fire was to place the police under citizens arrest.

The jury returned a guilty verdict.

## APPELLATE COURT REVIEW

Creamer's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Creamer was advised he could file his own brief with this court. By letter on June 7, 2023, we invited Creamer to submit additional briefing.

In response to our invitation, Creamer filed a supplemental letter brief on July 3, 2023, which we have read and considered. However, he presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Creamer.

## DISPOSITION

The judgment is affirmed.